TERRELL, Acting Chief Justice.
Appellee, hereinafter referred to as defendant, was the Mayor of North Miami where appellant, hereinafter referred to as plaintiff, owned an interest in a zoo. Christmas Eve, 1948, plaintiff was arrested at Miami Shores, held on suspicion of vagrancy and confined in North Miami Hoosegow. (It appears that Miami Shores *640 had no means for confining prisoners but had a contract with North Miami to do so.) Christmas morning plaintiff requested defendant to release him in order that he might go feed the animals in the zoo. The request was granted on condition that plaintiff return to the hoosegow at 9 A.M. December 27, 1948.
Plaintiff failing to return at the time and place agreed on, defendant went in search of and located him, but 'he refused to return on the ground that his attorney had advised him that Miami Shores had dropped the charges against him. Defendant communicated with plaintiff’s attorney and was advised that the charges were dropped. On his refusal to return, defendant summonsed a North Miami policeman and turned plaintiff over to him for confinement. About three months later he instituted this action for false arrest and imprisonment, laying damages in the sum of $100,000. A plea to the complaint interposed the general issue and the further defense that defendant was surety for plaintiff’s custody and was justified in having him arrested and rein-carcerated, though it appears that he was fingerprinted and soon thereafter released. The case was called for trial, the foregoing facts were revealed to the court who instructed a verdict for the defendant. This appeal was prosecuted.
The gist of plaintiff’s contention is that under Section 923.17, F.S.A., no recogni-. zance or suretyship was created when plaintiff was released to feed the animals on December 25th and being so, defendant should not have ordered him in custody again.
The trial court evidently took the position that plaintiff precipitated the controversy by failing to return to custody at the appointed time or produce record showing that the charge against him had been dropped. Even if there was not a formal recognizance created when plaintiff was temporarily released, defendant was personally bound for his return and was justified in locating and having him returned to the hoosegow. If relied on for release defendant was entitled to record showing that the charges against plaintiff had been dropped, and it was the duty of plaintiff to furnish this showing. We do not think defendant was required to rely on hearsay evidence to establish this fact.
Under the circumstances we find no error in the order of the trial court directing a verdict for' the defendant. It is accordingly affirmed.
Affirmed.
SEBRING, MATHEWS and BARNS, JJ., concur.